IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES EDWARD WHITE, #209 419, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:16-CV-309-WHA |
| ) | [WO] |
| COMMISSIONER JEFFERSON DUNN, ) | |
| *et al.*, ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

James Edward White ("White"), a state inmate, filed this 42 U.S.C. § 1983 action on April 29, 2016. He challenges the failure of administrative officials at Staton Correctional Facility to investigate alleged threats to his safety. White did not submit the $350 filing fee or $50 administrative fee and, instead, filed a document seeking leave to proceed *in forma pauperis*. In support of this request, White provided financial information necessary to determine the average monthly balance in his inmate account for the six-month period immediately preceding the filing of this complaint and the average monthly deposits to his inmate account during the past six months.

After a thorough review of the financial information provided by White under 28 U.S.C. § 1915(b)(1)(A), the court determined that White owed an initial partial filing fee of $20.00. Doc. # 3 at 1-2. The court, therefore, ordered White to pay the initial partial filing fee on or before May 31, 2016. *Id*. at 2. This order specifically informed White "that it is his responsibility to submit the appropriate paperwork to the prison account clerk for transmission of such funds to this court for payment of the initial partial filing fee." *Id*. The order also "advised [White] that if he is unable to procure the initial partial filing fee within the time allowed by this court he must inform the

court of such inability and request an extension of time within which to file the fee." *Id*. at 3. Moreover, the court specifically cautioned White that failure to pay the requisite fee within the time allowed by the court would result in a Recommendation "that this case be dismissed and such dismissal will not be reconsidered unless exceptional circumstances exist." *Id*.

White has failed to pay the initial partial filing fee within the time allowed by the court. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  This case be DISMISSED without prejudice for failure of Plaintiff to pay the initial partial filing fee under 28 U.S.C. § 1915(b)(1)(A) as ordered by the court.

2.  Plaintiff's motion for preliminary injunction (Doc. # 1) be DENIED as such motion is not properly before the court absent payment of the initial partial filing fee.

It is further

ORDERED that **on or before June 21, 2016**, Plaintiff may file objections to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court

of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

    DONE, on this the 7th day of June, 2016.

                                           /s/ Susan Russ Walker
                                           Susan Russ Walker
                                           Chief United States Magistrate Judge